___ FILED      ✕ LODGED
___ RECEIVED   ___ COPY

NOV 2 1 2019

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

MAR 0 2 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

MICHAEL BAILEY
United States Attorney
District of Arizona
CHRISTINA J. REID-MOORE
Assistant U.S. Attorney
Arizona State Bar No. 018579
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: christina.reid-moore@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-19-00779-PHX-DJH (DMF) |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| Michael Jay Ameelyenah, | |
| Defendant. | |

Plaintiff, United States of America, and the defendant, MICHAEL JAY AMEELYENAH, ("defendant"), hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of the Indictment charging the defendant with a violation of 18 United States Code (U.S.C.) §§ 1153 and 113(a)(1), Assault with Intent to Commit Murder, a Class C felony offense.

2. **MAXIMUM PENALTIES**

a. A violation of Title 18, United States Code, Sections 1153 and 113(a)(1), is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of twenty (20) years, or both, and a term of supervised release of three (3) years. Each supervised release violation may carry a maximum penalty of two (2) years in prison pursuant to Title 18, United States Code, Section 3583(e)(3).

b.      According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)      make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)      pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)      serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)      pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

c.      The Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors, in determining the defendant's sentence.  However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

3.      **AGREEMENTS REGARDING SENTENCING**

a.      <u>Stipulation.</u>  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant's sentence shall not exceed 108 months (nine years) in prison.

b.      <u>Stipulation.</u>  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the four-level enhancement under U.S.S.G. § 2A2.1(b)(1) (permanent or life-threatening injury to victim) shall apply.  There are no other agreements regarding the final sentence in this case.

c.      <u>Restitution.</u>  Pursuant to 18 U.S.C. § 3663 and/or 3663A, the defendant specifically agrees to pay full restitution, regardless of the resulting loss amount, but in no event more than $500,000, to all victims directly or proximately harmed by the defendant's

- 2 -

"relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Pursuant to 18 U.S.C. §§ 3663 and 3664(j)(1), "victims" also include persons or entities (whether private or government: state, federal or tribal) that have paid for costs related to defendant's conduct, including insurance providers and health care providers (including those such as Medicaid, Medicare, and AHCCCS). Even if the victim did not suffer physical injury, the defendant expressly agrees to pay restitution for expenditures and future expenses related to treatment for mental or emotional trauma suffered by the victims. Such expenditures shall include, but are not limited to: mental health treatment and counseling, in-patient treatment, and traditional Native American ceremonies treatment. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

     d.    Assets and Financial Responsibility. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

If the defendant is a member of a Native American tribe that provides "per capita" payments to its members, the defendant agrees that any such "per capita" payment shall be paid over to the Clerk of the Court and applied to the defendant's restitution obligation until restitution to all victims is paid in full.

e.   <u>Acceptance of Responsibility</u>.   If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f.   <u>Non-Binding Recommendations</u>.   The defendant understands that recommendations are not binding on the Court.  The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.   Pursuant to Fed. R. Crim. P. 11(c)(1)(A), at the time of sentencing, the United States shall dismiss Counts 2 through 4 of the Indictment.

b.   This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

**5.    COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.   If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.   If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States

shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

**6.  WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015).

**7.  DISCLOSURE OF INFORMATION**

a.  The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.      Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.      The defendant shall cooperate fully with the U.S. Probation Office.  Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)      criminal convictions, history of drug abuse, and mental illness; and financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8.      FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment, shall be subject to immediate enforcement by the United States, and shall be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts (which offset will not affect the periodic payment schedule).  If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

## 9.      ELEMENTS OF THE OFFENSE

### Assault with Intent to Commit Murder

On or about March 29, 2019, in the District of Arizona:

1. Within the confines of the Colorado River Indian Tribes Indian Reservation, Indian Country, the defendant, MICHAEL JAY AMEELYENAH, assaulted victim, J.E.F., by intentionally and knowingly striking and wounding the victim;

2. The defendant did so with the intent to commit murder; and

3.  Defendant was an Indian at the time of the crime.  Specifically, at the time of the crime, the defendant had some quantum of Indian blood, such as being a blood relative to a parent, grandparent, or great-grandparent, who is clearly identified as an Indian, and defendant was a member of or affiliated with a federally recognized tribe.

**10.    FACTUAL BASIS**

a.      The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On March 29, 2019, in the District of Arizona, within the confines of the Colorado River Indian Tribes ("CRIT") Indian Reservation, Indian Country, the defendant, MICHAEL JAY AMEELYENAH, assaulted the victim by intentionally and knowingly striking and wounding him.  Defendant assaulted the victim with the intent to commit murder.  Specifically, on such date, the defendant forced his way through a window of the home of T.A., his estranged wife, when he saw the victim. J.E.F., in her home.  When the defendant entered the home, he struck the victim multiple times.  After the defendant left the home, and T.A. locked the front door, the defendant kicked open the front door and assaulted the victim by stabbing him multiple times with a knife.  As the defendant was stabbing the victim he kept stating, "I hope you die," to the victim.

As a result of being stabbed multiple times by the defendant in the chest, abdomen, thorax, and face, the victim suffered serious and life-threatening injuries including multiple small bowel stab wounds, a single liver laceration, multiple mesenteric hematomas, a right diaphragmatic injury, a right para mediastinal stab wound, and multiple penetrating abdominal and right chest wounds.  The victim underwent several surgeries for these injuries and was hospitalized for over a month.

The defendant further admits that he was an Indian and an enrolled member of the CRIT Tribe at the time of the offense as evidenced by his Certificate of Indian Blood. Specifically, defendant has some quantum of Indian blood from the CRIT Tribe, and is affiliated with this tribe.  The CRIT Tribe was a federally recognized tribe at the time of

1   this crime.

2        b.      The defendant shall swear under oath to the accuracy of this statement and,

3   if the defendant should be called upon to testify about this matter in the future, any

4   intentional, material inconsistencies in the defendant's testimony may subject the

5   defendant to additional penalties for perjury or false swearing, which may be enforced by

6   the United States under this agreement.

7              **APPROVAL AND ACCEPTANCE OF THE DEFENDANT**

8        I have read the entire plea agreement with the assistance of my attorney. I

9   understand each of its provisions and I voluntarily agree to it.

10       I have discussed the case and my constitutional and other rights with my attorney.

11  I understand that by entering my plea of guilty I shall waive my rights to plead not guilty,

12  to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to

13  present evidence in my defense, to remain silent and refuse to be a witness against myself

14  by asserting my privilege against self-incrimination, all with the assistance of counsel, and

15  to be presumed innocent until proven guilty beyond a reasonable doubt.

16       I agree to enter my guilty plea as indicated above on the terms and conditions set

17  forth in this agreement.

18       I have been advised by my attorney of the nature of the charges to which I am

19  entering my guilty plea. I have further been advised by my attorney of the nature and range

20  of the possible sentence and that my ultimate sentence shall be determined by the Court

21  after consideration of the advisory Sentencing Guidelines.

22       My guilty plea is not the result of force, threats, assurances, or promises, other than

23  the promises contained in this agreement. I voluntarily agree to the provisions of this

24  agreement and I agree to be bound according to its provisions.

25       I understand that if I am granted probation or placed on supervised release by the

26  Court, the terms and conditions of such probation/supervised release are subject to

27  modification at any time. I further understand that if I violate any of the conditions of my

28  probation/supervised release, my probation/supervised release may be revoked and upon

1   such revocation, notwithstanding any other provision of this agreement, I may be required

2   to serve a term of imprisonment or my sentence otherwise may be altered.

3       This written plea agreement, and any written addenda filed as attachments to this

4   plea agreement, contain all the terms and conditions of the plea.   Any additional

5   agreements, if any such agreements exist, shall be recorded in a separate document and

6   may be filed with the Court under seal; accordingly, additional agreements, if any, may not

7   be in the public record.

8       I further agree that promises, including any predictions as to the Sentencing

9   Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

10  (including my attorney) that are not contained within this written plea agreement, are null

11  and void and have no force and effect.

12      I am satisfied that my defense attorney has represented me in a competent manner.

13  I fully understand the terms and conditions of this plea agreement.  I am not now using or

14  under the influence of any drug, medication, liquor, or other intoxicant or depressant that

15  would impair my ability to fully understand the terms and conditions of this plea

16  agreement.

17

18  _____          _____
    Date                          MICHAEL JAY AMEELYENAH

19                                Defendant

20

21              **APPROVAL OF DEFENSE COUNSEL**

22      I have discussed this case and the plea agreement with my client in detail and have

23  advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

24  constitutional and other rights of an accused, the factual basis for and the nature of the

25  offense to which the guilty plea will be entered, possible defenses, and the consequences

26  of the guilty plea including the maximum statutory sentence possible.  I have further

27  discussed the concept of the advisory Sentencing Guidelines with the defendant.  No

28  assurances, promises, or representations have been given to me or to the defendant by the

United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.


11/21/19
Date

JANE L. McCLELLAN
Attorney for Defendant

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

MICHAEL BAILEY
United States Attorney
District of Arizona

11/21/19
Date

CHRISTINA J. REID-MOORE
Assistant U.S. Attorney

## ACCEPTANCE BY THE COURT

March 2, 2020
Date

HONORABLE DIANE J. HUMETEWA
United States District Judge